IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTORIA MOORS,** *Individually and on behalf of a class of similarly situated persons*,<br><br>**Plaintiff,**<br>v.<br><br>**INTEGON NATIONAL INSURANCE COMPANY,**<br>**Defendant.** | **CIVIL ACTION NO. 22-1516** |

MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                   **March 29, 2023**

Plaintiff Victoria Moors filed a purported class action complaint against Defendant Integon National Insurance Company in the Court of Common Pleas of Philadelphia County. Defendant removed the case to this Court based on federal jurisdiction under the Class Action Fairness Act ("CAFA").[1] Defendant has moved to dismiss the complaint. For the following reasons, Defendant's motion will be granted.

**I.   BACKGROUND**

The Court assumes the facts in the Complaint as true in evaluating the motion to dismiss. Defendant issued Plaintiff a Personal Auto Policy that included "stacked uninsured and underinsured motorist coverages for one vehicle."[2] Before issuing the Auto Policy, Defendant conducted an underwriting process, and should have obtained information regarding all policies and vehicles in Plaintiff's household.[3] Plaintiff alleges that Defendant should have learned from

---

[1] 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1453.

[2] Compl. [Doc. 1-1] ¶¶ 4-5.

[3] Compl. [Doc. 1-1] ¶ 27.

the underwriting process that Plaintiff only owned one vehicle and that "there were no other vehicles or policies in [Plaintiff's] household."[4] Plaintiff alleges that despite not qualifying for stacked UM/UIM coverage benefits,[5] Defendant issued a policy that provided stacked uninsured and underinsured motorist coverage, charged Plaintiff an additional premium, and "never told [Plaintiff] that the policy did not provide a stacking coverage benefit."[6] The question before the Court is whether, under Pennsylvania law, Plaintiff can allege that she could receive no benefit from the stacking coverage.

## II.  LEGAL STANDARD

For a claim to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it must contain sufficient factual matter to state a claim to relief that is plausible on its face.[7] The question is not whether the plaintiff will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold."[8] The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to the relief."[9] However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'"[10]

---

[4] Compl. [Doc. 1-1] ¶¶ 9-11.

[5] Compl. [Doc. 1-1] ¶ 36.

[6] Compl. [Doc. 1-1] ¶¶ 15, 36.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation omitted).

[9] *Philips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotation marks omitted).

[10] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.,* 90 F.3d 617, 628 (1st Cir. 1996)).

## III. DISCUSSION

The Court has jurisdiction over this case under CAFA, as Plaintiff alleges "(1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties;[11] and (3) [a] class [that] consist[s] of at least 100 or more members."[12] Plaintiff alleges violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), common law fraud, and unjust enrichment. The Complaint seeks declaratory relief, return of premiums, and injunctive relief.[13] In two recent cases, *Berardi v. USAA General Indemnity Company*[14] and *Jones v. GEICO Choice Insurance Company*,[15] courts in this District have dismissed cases bringing the same claims against other insurers.

Plaintiff's claims hinge on a novel interpretation of the Pennsylvania Supreme Court's decision in *Generette v. Donegal Mutual Insurance Company*.[16] *Generette* concerned whether a guest passenger in a car accident could recover from the tortfeasor's insurance policy as well as her own, despite having waived stacked UM/UIM coverage.[17] Under the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), only "a named insured may waive" stacking of

---

[11] Minimal diversity requires "[a]ny member of a class of plaintiffs [to be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of Pennsylvania, and Defendant is an Ohio corporation with its principal place of business in North Carolina. Compl. [Doc. 1-1] ¶¶ 1-2.

[12] *Callery v. HOP Energy, LLC*, No. 20-3652, 2022 WL 3213828, at *2 (E.D. Pa. Aug. 9, 2022) (quoting *Judon v. Travelers Prop. Cas. Co. of America*, 773 F.3d 495, 500 (3d Cir. 2014)). *See* Notice of Removal [Doc. 1] at 3-9.

[13] Compl. [Doc. 1-1] ¶¶ 110, 143, 150, 164, 181, 192.

[14] 606 F. Supp. 3d 158, 160 (E.D. Pa. 2022) (Baylson, J.), *appeal pending at* No. 22-2231 (3d Cir. filed July 7, 2022).

[15] No. 22-558, 2022 WL 2974909, at *2 (E.D. Pa. July 27, 2022) (Pratter, J.), *appeal pending at* No. 22-2414 (3d Cir. filed Aug. 4, 2022). The appeals have been consolidated in the Third Circuit.

[16] 957 A.2d 1180 (Pa. 2008). *See* Pl.'s Sur-Reply Br. Opp'n Mot. to Dismiss [Doc. 17] at 4 ("*Generette* held that the stacking concepts codified in § 1738 of the MVFRL pertains ***only*** to household policies.") (emphasis in original); Compl. [Doc. 1-1] ¶¶ 101, 128, 151, 158, 171, 188 (alleging Defendant charged additional premiums for stacking UM and UIM coverage despite being aware of *Generette* and knowing that these policies provided no actual benefit).

[17] *Generette*, 957 A.2d at 1189-90.

UM/UIM coverage.[18] The Pennsylvania Supreme Court held that because a guest passenger is not included in the definition of "insured" under the MVFRL, "the waiver of stacking[] does not apply to injuries received as a guest passenger because guest passengers are not 'insureds.'"[19]

Under the MVFRL, insurers must provide stacked UM/UIM coverage by default, which the insured may waive.[20] Plaintiff argues that before *Generette*, the Pennsylvania insurance commissioner identified only two ways in which single-vehicle policy holders could benefit from stacking UM/UIM coverages:

> (1) where the named insured sustained injury as a guest passenger in another vehicle and then enjoyed the dual recovery of UM/UIM benefits under the policy for the host vehicle and his/her own household policy; and (2) where the named insured sustained injury in a motor vehicle accident and enjoyed the dual recovery of UM/UIM benefits under his/her own policy and another household policy under which he/she was insured.[21]

Plaintiff next argues that *Generette* implicitly rejected the first of these scenarios for potential stacking benefits and that therefore the only inter-policy stacking benefit under a single vehicle policy is the ability to recover under another household policy. Plaintiff contends that because she does not have another household policy, there is no way in which she would benefit from stacking UM/UIM coverage and Defendant should not have charged her more for a policy that included such coverage.

---

[18] 75 Pa. Cons. Stat. §1738(b).

[19] *Generette*, 957 A.2d at 1190 (quoting 75 Pa. Cons. Stat. §1702).

[20] 75 Pa. Cons. Stat. § 1738(a)-(b); *see Craley v. State Farm Fire & Cas. Co.*, 895 A.2d 530, 539 (interpreting § 1738(a) as "expressing the clear intention of the General Assembly to compel insurers to provide stacking coverage absent a valid waiver").

[21] Pl.'s Memo. Opp'n Mot. to Dismiss [Doc. 13-1] at 3-4 (no source citation). The Pennsylvania Superior Court upheld a trial court decision to defer to the insurance commissioner's determination that § 1738(a) allowed insurers to stack UM/UIM coverages for single-vehicle policy holders. *In re Ins. Stacking Litig.*, 754 A.2d 702, 709 (Pa. Super. Ct. 2000) *abrogated on other grounds by Craley v. State Farm Fire & Cas. Co.*, 895 A.2d 530, 536-37 (Pa. 2006). The decision in *Craley* interpreted § 1738(a) as allowing single-vehicle policy holders to waive inter-policy stacking of UM/UIM coverages. *Craley*, 895 A.2d at 536.

The plaintiffs in *Berardi* and *Jones* made the same argument.[22] In *Jones*, the District Court understood the argument as alleging that the plaintiffs' stacked UM/UIM policy plans amounted to illusory coverage—a policy that "would not pay benefits under any reasonably expected set of circumstances."[23] The District Court determined that the plaintiffs' interpretation of *Generette* failed because the insurance commissioner's opinion did not limit potential stacking benefits to only the two scenarios identified.[24] The District Court in *Jones* held that the plaintiffs "read the statement of the insurance commissioner too strictly" because it identified "'*at least* two situations*' in which a single-vehicle policyholder would recover stacked benefits."[25] Therefore, the decision in *Jones* concluded that stacking UM/UIM coverage for single-vehicle owners without another household policy was not illusory coverage.[26]

The District Court in *Berardi* also declined to accept an "expansive" interpretation of *Generette*, holding that the Pennsylvania Supreme Court did not distinguish between household and non-household policies.[27] The District Court further held that no "cases in the fourteen years since *Generette* was decided" had endorsed the plaintiffs' interpretation that stacking is limited to "multiple policies within a single household."[28] To the contrary, insureds with a single vehicle in their households may benefit from stacked coverage if they are listed, for example, as "an

---

[22] *Berardi*, 606 F. Supp. 3d at 162-63; *Jones*, 2022 WL 2974909, at *3-4. The Court notes that the same counsel represents the plaintiffs in all the cases.

[23] *Jones*, 2022 WL 2974909, at *3 (quoting *TIG Ins. Co. v. Tyco Int'l Ltd*, 919 F. Supp. 2d 439, 466 (M.D. Pa. 2013)).

[24] *Id.* at *4. The District Court also noted that the plaintiffs' theory failed because it would invert the MVFRL from an opt-out to an opt-in statutory scheme. *Id.* at *7.

[25] *Id.* at *4 (quoting *Craley*, 895 A.2d at 537) (emphasis in *Jones*).

[26] *Id.* at *6.

[27] 606 F. Supp. 3d at 160.

[28] *Id.*

insured under the non-owned vehicle's policy, which also has uninsured motorist coverage (such as an employer's vehicle)."[29] Therefore, the plaintiffs' claims failed as a matter of law.

Upon full consideration of Plaintiff's arguments, the Court agrees with the reasoning of the decisions in *Jones* and *Berardi*, which apply with equal force to the claims raised by Plaintiff in this case. Because Plaintiff has failed to plead facts demonstrating that she was overcharged for the Auto Policy, the motion to dismiss will be granted.[30]

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the Complaint will be granted.[31] An order will be entered.

---

[29] *Id.* at 162 (quoting *Craley*, 895 A.2d at 537).

[30] *Accord Paldolf v. United Servs. Auto. Ass'n*, No. 22-7, 2022 WL 16951954, at *7 (W.D. Pa. Oct. 22, 2022) (recommending dismissal because the plaintiff "failed to show that a coverage differential does not exist between stacked and non-stacked polices"), *report and recommendation adopted*, 2022 WL 16950485 at *1 (W.D. Pa. Nov. 15, 2022).

[31] Because the case will be dismissed based on the determination that Plaintiff has failed to allege that the coverage provided is illusory, the Court does not reach Defendant's arguments based on the filed rate doctrine.